IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

EUGENA KARSON,

      Plaintiff,

v.                           CASE NO. 2:06-cv-00911

MICHAEL J. ASTRUE,
Commissioner of Social Security[1],

      Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court are cross-motions for judgment on the pleadings.

Plaintiff, Eugena Karson (hereinafter referred to as "Claimant"), protectively filed an application for SSI on December 2, 2003, alleging disability as of February 7, 2003, due to a back

---

[1]  On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

impairment, and complications of diabetes. (Tr. at 92.) The claim was denied initially and upon reconsideration. (Tr. at 50-59.) On September 9, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 60.) The first hearing was held on February 2, 2005 before the Honorable John Yeary. (Tr. at 385-422.) By decision dated March 18, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 39-45.) Claimant asked the Appeals Council to review the decision. By Order of Appeals Council dated September 2, 2005, the Appeals Council remanded the case to the ALJ for additional consideration and supplemental testimony by a vocational expert. (Tr. at 48-49.)

The second hearing was held on February 14, 2006. (Tr. at 423-67.) By decision dated March 21, 2006, the ALJ again determined that Claimant was not entitled to benefits. (Tr. at 14-24.) The ALJ's decision became the final decision of the Commissioner on August 25, 2006, when the Appeals Council denied Claimant's request for review. (Tr. at 7-9.) On October 27, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 416.920 (2002).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental

capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 19.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease and diabetes mellitus. (Tr. at 19.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21.) The ALJ then found that Claimant has a residual functional capacity as follows:

> [T]o lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can *sit for at least two hours and stand and/or walk about six hours during an eight-hour workday*. She can occasionally climb, balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to extreme cold, vibration and hazards, such as machinery and heights. Also, she experiences mild to moderate pain but could be attentive to and carry out assigned work tasks.

(Tr. at 21.) [Emphasis added.] As a result, the ALJ concluded that Claimant could return to her past relevant work as a telemarketer,

order clerk and data entry worker.  (Tr. at 23.)  On this basis, benefits were denied.  (Tr. at 24.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept
> as sufficient to support a particular
> conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less
> than a preponderance. If there is evidence to
> justify a refusal to direct a verdict were the
> case before a jury, then there is 'substantial
> evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was 59 years old at the time of the second

administrative hearing. (Tr. at 390.) She is a high school graduate. (Tr. at 393.) Claimant has raised an issue as to whether her prior employment qualifies as past relevant work.

The Medical Record

The court has reviewed all evidence of record. Because Claimant raises issues only with respect to the ALJ's findings as to her past relevant work and his phrasing concerning her residual functional capacity, it will not be necessary to address the medical evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ's finding that Claimant can perform her past relevant work is not supported by substantial evidence. (Pl.'s Br., at 4.) In particular, Claimant argues that she never earned enough in any job as a telemarketer for the work to be considered substantial gainful activity. Id., at 5. She also claims that the ALJ made an insufficient finding that she could "sit at least two hours" in an eight hour day. Id., at 7. Finally, she contends that the ALJ did not accurately characterize the nature of her prior work as an order clerk. Id., at 8-10.

In response, the Commissioner argues that the ALJ determined that Claimant could perform the sitting demands of sedentary work, that the ALJ complied with Social Security Ruling 82-62, that the

6

ALJ correctly found that Claimant could perform her past relevant work as a repair order clerk, and that the ALJ identified two jobs other than telemarketer that Claimant could perform.  (Def.'s Br., at 12-18.)

In reply, Claimant argues that the ALJ violated Social Security Rule 96-8p in his determination that Claimant is limited to performing sedentary work.  (# 14, at 1-2.)

Past Relevant Work

"Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. § 416.960(b)(1) (2006).  "Capacity to do past work may be indicative of the capacity to engage in SGA [substantial gainful activity] when that work experience constituted SGA and has current relevance considering duration and recency."  Social Security Ruling ("SSR") 82-62, 1982 WL 31386, *2 (1982).  The regulations at 20 C.F.R. § 416.974(b) (2006) identify the earnings that will ordinarily show whether a claimant has engaged in substantial gainful activity. However, the fact that earnings were not substantial will not necessarily show that a person is not able to do substantial gainful activity.  Id., § 416.974(a)(1).  To be considered substantial gainful activity, earnings prior to January 1, 2001,

must average[2] more than the amount(s) shown in Table 1 for the period in which a person worked.  <u>Id.</u> § 416.974(b)(2)(i). Beginning January 1, 2001, and each year thereafter, earnings constitute substantial gainful activity if they average more than the larger of the amount for the previous year, or an amount adjusted for national wage growth.  <u>Id.</u>, § 416.974(b)(2)(ii). Earnings which are less than or equal to the amounts described are not considered substantial gainful activity.  <u>Id.</u> § 416.974(b)(3)(i).

Claimant's earnings record and her reported work history, as set forth in the record for the period 1991-2006 (tr. at 83-85, 104), indicate her employment as follows:

| Year(s) | Job | Monthly Earnings (average) | SGA (Yes/No) |
|---------|-----|----------------------------|--------------|
| 1989-91 | Telemarketing | 0 | No |
| 1991-93 | Telemarketing | 182.83 | No |
| 1994 | Data Conversion Operator (6 mos.) | 755.42 | Yes |
| 1994-95 | Administrative Assistant | 219.00 in 1994<br>655.55 in 1995 | No<br>Yes |
| 2001 | Sales (tickets) (10 mos.) | 391.00 | No |

---

[2]   The regulations at 20 C.F.R. § 416.974a (2006) explain how the Commissioner averages earnings.  The regulations direct that if a claimant's work was "continuous without significant change in work patterns or earnings, and there has been no change in the substantial gainful activity earnings levels," the Commissioner will average the earnings over the entire period of work.  <u>Id.</u> at § 416.974a(a).  Conversely, if there is a significant change in the work pattern or earnings, the Commissioner will average earnings separately for each period.  <u>Id.</u> at 416.974a(c).

| 2002-03 | Collector (5 mos.) | 1348.80 | Yes |

Thus, Claimant has past relevant work as a collector (for a credit card company), an administrative assistant (for a parts supply company), and a data conversion operator (for the Postal Service). It is true that Claimant's earnings at the jobs she listed on her work history (tr. at 104) as "telemarketing specialist" do not qualify as past relevant work, but she described her work as a collector for the credit card company as "telemarketer work." (Tr. at 394.)  While she described her primary work as "purchasing and sales," (tr. at 395), the ALJ's inclusion of "telemarketer" as one of Claimant's past relevant jobs, given Claimant's work as a collector, was not error.

Description of Exertional Level

Claimant contends that the ALJ's decision is not supported by substantial evidence because he erred in his description of Claimant's residual functional capacity.  As noted above, the ALJ used the phrase, "*sit for at least two hours.*"  The regulations describe sedentary exertional level as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).  Social Security Ruling 83-10 further defines the term "occasionally" as:

Occasionally" means occurring from very little up to
one-third of the time.  Since being on one's feet is
required "occasionally" at the sedentary level of
exertion, periods of standing or walking should generally
total no more than about 2 hours of an 8-hour workday,
and sitting should generally total approximately 6 hours
of an 8-hour workday.  Work processes in specific jobs
will dictate how often and how long a person will need to
be on his or her feet to obtain or return small articles.

During the first administrative hearing, the vocational
expert, who had listened to Claimant's description of her jobs,
testified that her "past work has mostly been in sales, whether
it's been telemarketing or collection, and it's - would be
classified as sedentary work, semiskilled." (Tr. at 417.)  In his
opinion the skills would not be transferable.  Id., at 417-18.

At the first hearing, the ALJ posed a hypothetical question as
follows:

> I'd like for you to assume an individual of the same
> age, education, and work experience as the Claimant with
> the residual functional capacity to perform sedentary
> level exertional work. * * * Based upon those
> assumptions, would that individual be able to perform the
> past relevant work as a telemarketer or a sales
> representative as the Claimant performed it or as -
> performed them, or as they are typically performed in the
> national economy?

(Tr. at 418.)  The vocational expert answered, "Yes."  Id.

At the second hearing, a different vocational expert agreed
that Claimant's job as a collector "would be classified as a
telemarketer job," and is performed at the sedentary exertional
level. (Tr. at 458.)  He also described her work in ticket sales,
Postal Service data entry operator, and repair order clerk [the job

10

Claimant described as Administrative Assistant] as sedentary.  Id., at 459.  This vocational expert also testified that these skills were transferable.  Id.  The significance of this testimony is that it would indicate that Claimant does not "grid out" as "disabled" under the Medical Vocational Guidelines.  20 C.F.R. Part 404, Subpart P, App. 2, § 201.07.

At the second hearing, the ALJ asked the following hypothetical question:

> [I would l]ike you to consider an individual of the same age, education, and work experience as the Claimant. The residual functional capacity to perform sedentary exertion. * * * And this individual experiences mild to moderate pain but could be attentive to and carry out assigned work tasks.  Based upon those assumptions, would that individual be able to perform the Claimant's past relevant work as a telemarketer, telephone sales representative, data entry operator, or repair order clerk as the Claimant performed those occupations or as they are commonly performed within the national economy?

(Tr. at 459-60.)  The vocational expert answered, "Yes, sir, those jobs would be consistent with those restrictions in the hypothetical."  Id., at 460.

It is apparent from the ALJ's hypothetical question at both hearings that he had concluded that Claimant was limited to sedentary work as defined in the regulations and Social Security Ruling 83-10.  In his decision, however, the ALJ switched the limits on sitting and standing/walking.  Claimant argues that this misstatement undermines the entire decision.  The undersigned disagrees.  The entire record, except for the one misstatement in

11

the decision, is consistent with a residual functional capacity finding that Claimant is performing work at the sedentary exertional level.

<u>Work as a Repair Order Clerk</u>

Claimant contends that her work for the parts supply company ("Administrative Assistant") was not past relevant work because it was at a higher exertional level than sedentary. Claimant indicated, in her work history, that she sat for six hours a day, walked for one hour, stood for one hour, and lifted parts and carried them a maximum of 50 feet. (Tr. at 107.) The heaviest weight she lifted was 50 pounds. <u>Id.</u> It is true that lifting 50 pounds occasionally does not qualify as sedentary work, but the ALJ, the vocational expert, and this court must consider whether the job of repair order clerk *as commonly performed within the national economy* is sedentary. The unqualified and uncontradicted testimony of the vocational expert was that such work is sedentary.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the ALJ's decision that Claimant can perform her past relevant work is supported by substantial evidence. Accordingly, it is respectfully **RECOMMENDED** that the decision of the Commissioner be affirmed, and this case be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the

12

Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

March 4, 2008
       Date

Mary E. Stanley
United States Magistrate Judge

13