```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

**EUGENA L. KARSON,**

    Plaintiff,

v.                                      Civil Action No. 2:06-0911

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the parties' briefs seeking judgment on the pleadings.  On March 4, 2008, the court received the proposed findings and recommendation of the United States Magistrate Judge.  On March 18, 2008, plaintiff objected.  On March 27, 2008, defendant responded to the objections.

I.

On December 2, 2003, plaintiff Eugena Karson, now 61, applied for Supplemental Security Income (SSI"), alleging disability as of February 7, 2003, due to a back impairment and complications resulting from diabetes.  Two hearings were conducted on plaintiff's claim, respectively on February 2, 2005, and February 14, 2006.  Subsequent to each hearing, respectively

on March 18, 2005, and March 21, 2006, the administrative law judge ("ALJ") issued decisions finding that plaintiff was not entitled to benefits.  On September 2, 2005, the March 18, 2005, decision was remanded by the Appeals Council for additional consideration and supplemental vocational expert testimony.  On August 25, 2006, the Appeals Council denied plaintiff's request for review of the March 21, 2006, decision.

On October 27, 2006, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The magistrate judge, in her proposed findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence.  Plaintiff's objections are essentially the same arguments set forth in the briefing submitted to the magistrate judge.

Plaintiff primarily contends the record does not support a finding she is able to perform "past relevant work" as that term is defined in the governing regulations.[1]  The ALJ

---

[1]"Past relevant work" as it applies to this case is defined as work (1) that plaintiff performed within the past 15 years immediately preceding the ALJ's March 21, 2006, decision, (2) that was substantial gainful activity, and (3) that lasted long enough for the claimant to learn to do it.  See 20 C.F.R. § 416.965(a); SSR 82-62.  Plaintiff notes the significance of her argument as follows:
(continued...)

concluded, and the magistrate judge concurred, that plaintiff has past relevant work as a collector (for a credit card company), an administrative assistant/repair order clerk (for a parts supply company), and a data conversion operator (for the United States Postal Service).

The parties dispute whether plaintiff's earnings in her various positions qualify for purposes of demonstrating she engaged in substantial gainful activity, a component in the past relevant work calculus.  Those earnings disputes aside, however, the governing regulation provides as follows:

> Your earnings <u>may show</u> you have done substantial gainful activity.  <u>Generally</u>, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity. We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings.  The amount of your earnings from work you have done (regardless of whether it is unsheltered or sheltered work) may show that you have engaged in substantial gainful activity. Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity.

---

[1](...continued)
If [I] can no longer perform [my] past relevant work, [I] would be disabled under the Medical Vocational Guidelines even if [I] could perform a full range of sedentary work. 20 C.F.R. Part 404, Subpart P, App. 2, § 201.06.

(Pl.'s Br. in Supp. of Jgt. on Pldgs. at 5).

3

> **However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity**.

20 C.F.R. § 416.974(a)(1) (emphasis supplied).

The underscored language contemplates a flexible inquiry uniquely suited to an ALJ familiar with the record and the demeanor of the claimant who testified before him.  This is especially so here, where the presiding ALJ, based upon substantial evidence, specifically questioned plaintiff's credibility.  (Id. at 22-23).  The court finds no merit in plaintiff's objection.

Nevertheless, one contention in particular regarding past relevant work and substantial gainful activity merits fuller treatment.  Plaintiff challenges specifically the ALJ's conclusion that she could perform past relevant sedentary work as an administrative assistant/repair order clerk, at least as that job is normally performed in the national economy.  Plaintiff counters that the job, as she described and performed it, did not qualify as sedentary work.  She contends the job duties she listed in her Disability Report, which included lifting up to 50 pounds, materially varied from the duties associated with the job as it is normally performed in sedentary fashion in the national economy.  Plaintiff faults the ALJ for not considering her

4

specific duties, as she suggests is required by <u>Smith v. Heckler</u>, 782 F.2d 1176 (4th Cir. 1986), and its seminal forerunner, <u>DeLoatche v. Heckler</u>, 715 F.2d 148 (4th Cir. 1983).

In <u>DeLoatche</u> the claimant's testimony was uncontested concerning the nature of her job duties as a "school social worker." Her account of the job's requirements included extensive walking, standing, and driving each day, and that frequent bending, reaching, and carrying of objects including typewriters was necessary. As noted in <u>Deloatche</u>, "[T]he ALJ gave no reason for disbelieving DeLoatche's description of her job." <u>Id.</u> at 151. The United States Court of Appeals for the Fourth Circuit observed as follows:

> On appeal, the Secretary nevertheless argues that the ALJ was entitled to rely on the description of "school social worker" as a sedentary job that is found in the <u>Supplement to the Dictionary of Occupational Titles</u>, § 195.108 (1965), published by the Department of Labor. We agree with the Secretary that DeLoatche had to show an inability to return to her previous work (<u>i.e.</u>, occupation), and not simply to her specific prior job. <u>We agree further that the Secretary may rely on the general job categories of the Dictionary as presumptively applicable to a claimant's prior work</u>. The same label, however, may be used in a variety of ways. The fact that the claimant's former employer labeled the claimant's job that of a "school social worker" does not prove that the claimant was engaged in the occupation the <u>Dictionary</u>, or some other administrative categorization system, labels as "school social worker" and identifies as sedentary. <u>The claimant may overcome the presumption that the Secretary's generalization applies by demonstrating</u>

> **that her duties were not those envisaged by the framers of the Secretary's category**.

Id. (footnote omitted) (emphasis supplied) (citations omitted).

While the ALJ in this action might have developed and analyzed the issue of plaintiff's job duties in greater depth, at least two considerations counsel against a remand based upon DeLoatche. First, as noted, the ALJ questioned plaintiff's credibility in several respects. He noted (1) an inconsistency on her part concerning her diet, (2) her failure to diligently follow her diabetes treatment regimen, resulting in an unnecessary worsening of her condition, and (3) a lack of objective evidence supporting her pain and decreased activities of daily living. (Admin. Rec. at 22). Indeed, the ALJ specifically found plaintiff "greatly minimized her activity level." (Id. at 23).

Second, plaintiff's account of her job duties was less than exacting. As noted by the defendant:

> [D]espite her written statement on her . . . [Disability] Report that she had to occasionally lift and carry a maximum of fifty pounds at this job, Plaintiff testified at the first hearing that her job as a repair order clerk involved <u>mostly phone orders and only a few counter customers</u> (Tr. 395).

(Def.'s Objec. at 3 (emphasis supplied)). By comparison, the claimants in both DeLoatche and Smith offered much greater depth,

6

certainty, and specificity concerning their past relevant work. See Smith, 782 F.2d at 1177; DeLoatche, 715 F.2d at 149.

In view of plaintiff's diminished credibility in multiple respects, and her equivocation respecting the duties associated with her job, the court is unable to conclude the ALJ erred in his assessment.

In sum, the ALJ's decision is supported by substantial evidence. The court, accordingly, adopts and incorporates herein the magistrate judge's proposed findings and recommendation.

## II.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiff's request for judgment on the pleadings be, and it hereby is, denied;

2. That defendant's request for judgment on the pleadings be, and it hereby is, granted;

3. That the Commissioner's decision be, and it hereby is, affirmed; and

7

    4.    That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the magistrate judge.

    DATED:  March 31, 2008

_____
John T. Copenhaver, Jr.
United States District Judge